*426 MR. JUSTICE GULBRANDSON
delivered the Opinion of the Court.
Low Temp Insulation and Commercial Union Insurance Company appeal an order from the Workers’ Compensation Court denying their motion for a new trial.
Two issues are raised on appeal:
(1) Whether the Workers’ Compensation Court had jurisdiction to rescind a final settlement more than four years after it was approved by the Division of Workers’ Compensation?
(2) Whether at the time of final settlement in 1979 the insurance company had a duty to advise the claimant of the difference between “impairment” and “disability.”
We reverse.
Jett Holcomb injured his knee and neck on January 25, 1979 while working for Low Temp Insulation in Billings, Montana. Low Temp’s insurance carrier, Commercial Union Insurance, began paying Holcomb total disability benefits in June, 1979.
Dr. William Walton, an orthopedic surgeon in Billings, was the treating physician who had previously operated on Holcomb’s back as a result of a 1963 industrial accident. Dr. Walton referred Holcomb to a Dr. Maciolek for an arthritis evaluation. Dr. Maciolek reported that in his opinion Holcomb had degenerative arthritis of the cervical spine.
On November 15, 1979, Dr. Walton submitted a Certificate of Condition to Peter McGraw, claims adjuster for the insurance company. Dr. Walton stated that in his opinion Holcomb was not able to return to his previous employment with Low Temp but could return to another type of employment. He diagnosed Holcomb as having possible rheumatoid arthritis and suggested that he be retrained in another field.
On November 27, 1979, McGraw asked Dr. Walton for an impairment figure based on his findings and consulted with the Workers’ Compensation Division before deciding to convert Holcomb’s benefits from temporary total to partial permanent disability. On that same day, McGraw sent a letter to Holcomb explaining the conversion of benefits and its implications. On December 18, 1979, Dr. Walton advised McGraw of a 10% impairment figure assuming Holcomb underwent corrective surgery on the cervical spine or neck region. Dr. Walton refused to perform the surgery because of doubts that Holcomb, an admitted alcoholic, had stopped drinking.
*427 On December 27, 1979, McGraw wrote to Holcomb explaining that Dr. Walton had submitted a 10% partial permanent disability rating as compared to the body as a whole and that in order to receive partial permanent benefits Holcomb would need to sign a petition for final settlement of his claim. In his letter McGraw specifically mentioned that Holcomb should call him if he had any questions. Holcomb, who has a below average IQ, apparently took two or three days to study the letter with his girlfriend before going to McGraw’s office to sign the petition on January 15, 1980. The final settlement, approved on February 5, 1980 is set out in full below:
Before the DIVISION OF WORKERS’ COMPENSATION
Department of Labor and Industry
815 Front Street
Helena, Montana 59601
Jett Holcomb_
Claimant
Low Temp Insulation_PETITION FOR FINAL SETTLEMENT
Employer
Commercial Union Co._ Case 2 79 10542 3
Insurer
The undersigned claimant was accidently injured on January 25, 1979, while employed by Low Temp Insulation Co., an employer enrolled under plan 2 of the Workers’ Compensation Act. The claim was filed and accepted for compensation and medical benefits.
The total compensation paid amounts to $4350.86
The total medical and hospital benefits paid amounts to $676.53
The claimant suffered disability [emphasis added] as a result of the accidental injury, and an agreement has been reached between the claimant and the insurer regarding the amount of compensation due wherein the claimant agrees to accept the sum of Forty Seven Hundred Dollars ($4,700.00) in a lump sum in final settlement which represents compensation for 50 weeks, and that further medical and hospital benefits are expressly reserved by the claimant.
The claimant hereby petitions the Administrator with the concurrence of the Commercial Union Companies [Insurer-Employer] for approval of a final settlement and that the case be finally settled on the basis stated above. [Emphasis added.] It is understood by the claimant and the insurer that under the Workers’ Compensation Act an order approving this petition for final settlement may for good cause, be rescinded, altered, or amended by the Division within (4) years from the date this petition is approved.
Jett Holcomb [signature]_
Claimant
*428 Witness:
Marilyn Michotte [signature]
The Commercial Union Co. hereby concurs with and joins in the foregoing petition for final settlement.
Dated 1-15, 1980
Commercial Union Co.
By P. J. McGraw/vh
Holcomb argues that McGraw did not adequately inform him of the extent of his disability in 1979 so as to enable him to reopen his case within four years of final settlement providing good cause was shown.
In the four years after final settlement, Holcomb worked sporadically at various construction jobs. In April, 1984, or approximately two months after the four year reopening period had expired, a neurosurgeon, Dr. Wood, performed the surgery on Holcomb’s neck deemed necessary by Dr. Walton in 1979. Dr. Wood gave Holcomb a 10% disability rating after the surgery, the identical figure submitted by Dr. Walton to the insurance company in 1979. Holcomb then asked the insurance company to reopen his case. The hearing examiner rescinded the final settlement on the basis of constructive fraud and focused on Holcomb’s lack of education and the possibility that he may not have comprehended the language in the petition for final settlement or the explanation of the petition by the claims adjuster, Mr. McGraw. The Workers’ Compensation Court agreed that the insurance company’s constructive fraud prevented the entering of a valid final settlement agreement and as a result the four year statute of limitations for reopening the case had not run on Holcomb.
The first issue is whether the Workers’ Compensation Court had jurisdiction to rescind a final settlement more than four years after it was approved by the Workers’ Compensation Division.
The jurisdictional statute applicable to final settlements is found at Section 39-71-204, MCA.
“(1) Except as provided in subsection (2), the division shall have continuing jurisdiction over all its orders, decisions, and awards and may, at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it upon good cause appearing therefor.
*429 “(2) The division or the worker’s compensation judge shall not have power to rescind, alter, or amend any final settlement or award of compensation more than 4 years after the same has been approved by the division. Rescinding, altering, or amending a final settlement within the 4-year period shall be by agreement between the claimant and the insurer. If the claimant and the insurer cannot agree, the dispute shall be considered a dispute for which the workers’ compensation judge has jurisdiction to make a determination. Except as provided in 39-71-2908, the division or the workers’ compensation judge shall not have the power to rescind, alter, or amend any order approving a full and final compromise settlement of compensation.
“(3) Any order, decision, or award rescinding, altering, or amending a prior order, decision, or award shall have the same effect as original orders or awards.”
In Williams v. Industrial Accident Board (1939), 109 Mont. 235, 243, 97 P.2d 1115, 1118, we said:
“[A]s officers, we act in a representative capacity and have such powers and only such as the law gives to us. The individual members of the defendant Board, [now the Workers’ Compensation Division] like all other officers, may not lawfully act as their whim or caprice may dictate, but only in accordance with that authority with which the law clothes them. Any other doctrine is destructive of the fundamental principles of our whole system of government.”
Subsection (1) of Section 39-71-204, MCA, states that “except as provided in subsection (2), the division shall have continuing jurisdiction . . .” (Emphasis added.) Subsection (2) in turn, provides that “the division of workers’ compensation judge shall not have the power to rescind, alter of amend any final settlement: more that four years after the approval of the settlement. (Emphasis added.)
In other words, the Workers’ Compensation Court has jurisdiction to rescind a final settlement for a period of four years upon a showing of good cause after which time jurisdiction ceases to exist. In this case, Holcomb entered into a final settlement with Commercial Union Insurance effective February 5, 1980. He sought to reopen the settlement on May 31, 1984, more than four years after the fined settlement order had been entered, claiming the insurance adjuster failed to inform him of the extent of his disability at the time of final settlement.
We hold that pursuant to Section 39-71-204, MCA, the Workers’ Compensation Court had no authority or jurisdiction to rescind the *430 final settlement. That court’s jurisdiction expired on February 5, 1984, four years from the time of final settlement.
Because of our ruling on the first issue of jurisdiction, we deem it unnecessary to address the second issue.
The judgment rescinding the final settlement is reversed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES MORRISON, HARRISON and WEBER and the HONORABLE JACK L. GREEN, District Judge, sitting for MR. JUSTICE HUNT concur.